UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>Marilyn Evet Matheson,<br>                Debtor. | Chapter 7<br>Case No. 22-10466 (MG) |

**ORDER DENYING THE DEBTOR'S MOTION TO REOPEN THE CHAPTER 7 CASE**

      The Court, having considered the *Motion to Reopen the Chapter 7 Case* (the "Motion," ECF Doc. # 50) filed by Marilyn Evet Matheson, the debtor ("Debtor") in the above-captioned case; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Court finds that good and sufficient cause exists to enter this Order.

      On April 14, 2023, the Court granted the Debtor a discharge, entered an Order of Final Decree, and closed the Debtor's Chapter 7 case. (*See* ECF Doc. # 48.) The Debtor filed her Motion on July 12, 2023. The Debtor indicated in the Motion that certain lenders, agents, and their attorneys had "[v]iolat[ed] the Discharge of Debtor(s) and Order of Final Decree." (Motion at 2.) One objection to the motion was filed by Specialized Loan Servicing LLC, as servicing agent for Credit Suisse First Boston Mortgage Securities Corp., CSAB Mortgage-Backed Pass-Through Certificates, Series 2006-3, U.S. Bank National Association, as Trustee. (*See* "Objection," ECF Doc. # 51.)

      The Court held a hearing on the Motion on August 8, 2023. The Debtor was the only party to appear at the hearing, and she gave a presentation in support of her Motion. The Court concluded that the Debtor's argument is solely directed at the actions of secured creditors; namely, creditors that have loans secured by real properties in which the Debtor has claimed an interest, and who are attempting to collect on those loans and/or foreclose on the real

properties.

Because the Debtor's arguments are all directed at the actions of creditors with secured claims, these arguments do not provide a basis for reopening the Debtor's Chapter 7 Case. The discharge afforded to the Debtor under section 524(a) of the Bankruptcy Code "only prevents enforcement of personal liability; it does not prevent foreclosure of a mortgage that remains in default after a discharge is issued and a chapter 7 case is closed." *In re Wilson*, 492 B.R. 691, 696 (Bankr. S.D.N.Y. 2013). Thus, "it is clear at the outset that no relief to the Debtor would be forthcoming if the case was reopened," and for that reason, reopening this case is not appropriate under Federal Rule of Bankruptcy Procedure 5010 or section 350(b) of the Bankruptcy Code. *See id.* at 694–95.

Therefore, it is hereby **ORDERED** that the Debtor's Motion is **DENIED**. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**IT IS SO ORDERED.**
Dated:  August 15, 2023
         New York, New York

                                                          /s/ Martin Glenn
                                                         MARTIN GLENN
                                                 Chief United States Bankruptcy Judge